## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| TAASERA LICENSING LLC, | § § § | Case No. |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| JOYA SYSTEMS, LLC | § § | |
| Defendants. | § § § | |

## COMPLAINT

Plaintiff Taasera Licensing LLC ("Taasera Licensing" or "Plaintiff") for its Complaint against Defendant Joya Systems, LLC ("Joya" or "Defendant"), alleges as follows:

## THE PARTIES

1.      Taasera Licensing is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located in 101 East Park Boulevard, Suite 600, Plano, Texas 75074.

2.      Defendant Joya, upon information and belief, is a Texas corporation having its principal place of business at 4425 South Mopac Expressway, Building II, Suite 101, Austin, Texas.

## JURISDICTION AND VENUE

3.      This is an action for declaratory judgment of no inventorship and no ownership of certain patent assets. This Court has jurisdiction over this matter because the cause of action arises under 35 U.S.C. § 256 and thus creates a federal question pursuant to 28 U.S.C. §§ 1331 and 1338(a). Further, there exists an actual controversy with respect to the inventorship and ownership

of the patents-in-suit, where, as here, the Plaintiff is under the shadow of threatened litigation arising under federal law. *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995). Because Defendant has threatened litigation seeking ownership of the patents-in-suit and is seeking to correct inventorship, the conflict is real and immediate and, therefore, the Court may grant the declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. *Ewen v. Razavi*, 123 F.3d 1466 (Fed. Cir. 1997).

4.     This Court also has jurisdiction over the state law claim, under Texas, for tortious interference with prospective business relationship. Defendant is a Texas corporation and the acts underlying the state law claim occurred in whole or part within the State of Texas.

5.     This Court has specific and personal jurisdiction over Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Defendant is a Texas corporation located in Austin, Texas.

6.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) because the Defendant is subject to personal jurisdiction in this Judicial District, the Defendant has engaged in the alleged wrongful conduct within this District, including   by directing the threatening letter (attached as Exhibit A) to a Texas entity located in this District, all of which gives rise to this action.

## FACTUAL BACKGROUND

7.     In 2021, Plaintiff, a Texas LLC, purchased a group of patents from Taasera, Inc., which purported to be a Delaware company with an office located at 175 South Main, #500, Salt Lake City, Utah 84111.

8.     Taasera Licensing's acquisition was limited to patents. Taasera Licensing expressly did not assume any liabilities from Taasera, Inc., and the seller represented that it owned all right, title, and interest in the patents.

9.      Taasera Licensing is not a successor-in-interest to Taasera, Inc. and does not have (and never had) a relationship with Taasera, Inc. aside from purchasing patents in an arm's length transaction.

10.     Taasera Licensing acquired additional patents from other sources and began patent litigation proceedings in this District in November 2021 by filing several lawsuits for patent infringement, most of which have been resolved and dismissed.

11.     On or about March 4, 2024, Defendant Joya served the demand letter ("Demand Letter," attached as Exhibit A) on Taasera Licensing and its parent company, Quest Patent Research Corporation, a Delaware corporation which has no ownership interest in the subject patents.

12.     According to the Demand Letter, Joya and Taasera, Inc. (not Taasera Licensing) entered into an agreement in October 2013, which purports to state that Joya would perform services for Taasera, Inc.

13.     According to the Demand Letter, Taasera, Inc. did not pay for these services rendered, and Joya Systems obtained a default judgment in Travis County, Texas for $161,000.00 as well as an additional award of $1,755.00 in attorney's fees. Plaintiff has no information regarding payments made or not made to Joya. Plaintiff did not exist as an entity until it was formed in Texas in 2021.

14.     Despite Taasera, Inc. continuing to operate after the judgment was entered, Defendant never sought to enforce this judgment. Defendant states that "Joya was unable to enforce the judgment against Taasera at that time, as Taasera had since left its offices and had no attachable property that Joya was aware of." Demand Letter, at 1.

15.    The contract for consulting services is attached to the Demand Letter. This contract contains the following clause relevant to this dispute:

> "Contractor agrees that all Work Product and other things provided to Contractor by Customer [Taasera, Inc.] or acquired by Contractor in performance of the Services ("Items") are Customer's exclusive property . . ."

> Ex. A, Attachment at 1.

16.    Despite having no relationship by contract or otherwise with Taasera Licensing or with Quest Patent Research Corporation, (Plaintiff's parent corporation), Joya has stated that "[t]he patents, intellectual property, and know-how which Taasera Licensing and Quest are now asserting in infringement claims . . . are based, in part, on the intellectual property of Joya Systems— property which Taasera never paid for. These appear to include some of the claims associated with the allegedly infringing patents" which Joya asserts "it created for Taasera". Demand Letter, at 2.

17.    Joya claims in the Demand Letter that "all of the intellectual property developed for Taasera remains the property of Joya, and Taasera Licensing and Quest do not have the right to use it." *Id.* at 3.

## COUNT I
### (Declaratory Judgment of No Inventorship)

18.    Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19.    Joya has no claim to inventorship of any patent owned by Taasera Licensing, including those patents that were purchased from Taasera, Inc.

20.    The inventions conceived of by Taasera, Inc., as reflected by the filings of the patents at issue, occurred before Taasera, Inc. allegedly contracted with Joya.

21.    One of the patents that Taasera Licensing purchased from Taasera, Inc. is U.S. Patent No. 8,327,441 (the "'441 Patent"). The '441 Patent, entitled "System and Method for

Application Attestation), was filed in February 2012 and claims priority to a provisional application that was filed on February 17, 2011.

22.     Another patent that Taasera Licensing purchased from Taasera, Inc. is U.S. Patent No. 8,776,180 (the "'180 Patent"). The '180 Patent, entitled "Systems and Methods for Using Reputation Scores in Network Services and Transactions to Calculate Security Risks to Computer Systems and Platforms," was filed in June 2012 and claims priority to a provisional application that was filed on May 1, 2012.

23.     Another patent that Taasera Licensing purchased from Taasera, Inc. is U.S. Patent No. 8,850,517 (the "'517 Patent"). The '517 Patent, entitled "Runtime Risk Detection Based on User, Application, and System Action Sequence Correlation," was filed in January 2013.

24.     Another patent that Taasera Licensing purchased from Taasera, Inc. is U.S. Patent No. 8,850,588 (the "'588 Patent"). The '588 Patent, entitled "Systems and Methods for Providing Mobile Security Based on Dynamic Attestation," was filed in July 2012 and claims priority to a provisional application filed on May 1, 2012.

25.     Another patent that Taasera Licensing purchased from Taasera, Inc. is U.S. Patent No. 8,990,948 (the "'948 Patent"). The '948 Patent, entitled "Systems and Methods for Orchestrating Runtime Operational Integrity," was filed in July 2012 and claims priority to a provisional application that was filed on May 1, 2012.

26.     Another patent that Taasera Licensing purchased from Taasera, Inc. is U.S. Patent No. 9,027,125 (the "'125 Patent"). The '125 Patent, entitled "Systems and Methods for Network Flow Remediation Based on Risk Correlation," was filed in July 2012 and claims priority to a provisional application that was filed on May 1, 2012.

27.     The final patent that Taasera Licensing purchased from Taasera, Inc. is U.S. Patent No. 9,092,616 (the "'616 Patent") The '616 Patent, entitled "Systems and Methods for Threat Identification and Remediation," was filed in July 2012 and claims priority to a provisional application that was filed on May 1, 2012.

28.     No other patents were purchased by Taasera Licensing from Taasera, Inc.

29.     Joya and its employees, contractors, agents, and representatives did not make any contribution, substantial or otherwise, to the claims set forth in the patents-in-suit, and, therefore, neither Joya nor its employees, contractors, agents, or representatives are inventors of the patents-in-suit.

30.     Plaintiff is entitled to judgment declaring that neither Joya nor its employees, contractors, agents, or representatives are proper inventors of the patents-in-suit.

## COUNT II
### (Declaratory Judgment of No Ownership)

31.     Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

32.     Defendant has no claim by contract or otherwise to ownership of any assets of Taasera Licensing.

> The purported agreement between Taasera, Inc. and Joya, explicitly states: "all Work Product and other things provided to Contractor by Customer [Taasera Inc.] **or acquired by Contractor in performance of the Services** ("Items") are Customer's exclusive property . . ."

33.     The purported agreement between Taasera, Inc. and Joya does not specify that any ownership or other rights, including intellectual property rights would transfer to Joya or any other party in the event of non-payment.

34.     Joya cannot make a claim that it has ownership rights to intellectual property assets owned by Taasera Licensing , including the patents-in-suit and, therefore, Plaintiff is entitled to a judgment declaring that Defendant Joya has no ownership rights to the patents-in-suit.

## COUNT III
### (Interference With Prospective Business Relationships Under Texas Law)

35.     Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

36.     The acts complained of herein constitute intentional interference with business relations under Texas law. The Demand Letter expressly states that Joya intends "to enforce its rights in the intellectual property, which is now the basis of Taasera Licensing and Quest's suits." Demand Letter at 3.

37.     Upon information and belief, Joya is aware that Taasera has engaged and is currently engaging in valuable licensing activities with respect to the patents-in-suit and that there is a reasonable probability that Plaintiff will continue to enter into valuable licensing agreements.

38.     With such knowledge and information, Defendant has purposefully and intentionally created a cloud on clear title to these patent assets and has also raised a material challenge to the validity and enforceability of the patents-in-suit which prevents and interferes with Plaintiff's ability to license the patents.

39.     As a direct result of Defendant's conduct, Plaintiff has been and will continue to be monetarily damaged in an amount of not less than $10 million, the precise amount to be determined at trial.

40.     Defendant, Joya's conduct is of such a willfull and wanton nature that Plaintiff is entitled to an award of punitive damages and attorneys' fees in addition to an award of compensatory damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Taasera Licensing prays for relief against Defendant as follows:

a.    Entry of judgment declaring that Defendant does not have a claim for correction of inventorship of any patent owned by Taasera Licensing under 35 U.S.C. § 256.

b.    Entry of judgment declaring that Defendant has no claim to ownership of any patent owned by Taasera Licensing.

c.    Entry of judgment that Defendant is liable for tortious interference with business relationships and an award of compensatory damages in an amount of not less than $10 million.

d.    Entry of judgment awarding Plaintiff punitive damages in an amount to be determined at trial.

e.    Entry of judgment declaring that this case is exceptional and awarding Taasera Licensing  its costs and reasonable attorney fees under 35 U.S.C. § 285;

f.    Such other equitable relief which may be requested and to which the Plaintiff is entitled; and

g.    Such other and further relief as the Court deems just and proper.

Dated:  March 19, 2024                          Respectfully submitted,


                                               /s/ Alfred R. Fabricant
                                               Alfred R. Fabricant
                                               NY Bar No. 2219392
                                               Email: ffabricant@fabricantllp.com
                                               **FABRICANT LLP**
                                               411 Theodore Fremd Avenue,
                                               Suite 206 South
                                               Rye, New York 10580
                                               Telephone: (212) 257-5797
                                               Facsimile: (212) 257-5796

**ATTORNEYS FOR PLAINTIFF**
**TAASERA LICENSING LLC**